UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-03726-CAS(JCGx) | Date | March 12, 2014 |
|---|---|---|---|
| Title | CONNECTICUT GENERAL LIFE INSURANCE COMPANY ET AL. V. LA PEER SURGERY CENTER LLC ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS): MOTION TO DISMISS (dkt. 30, filed January 17, 2014)

MOTION TO STRIKE (dkt. 31, filed January 17, 2014)

**I. INTRODUCTION**

On May 5, 2013, Connecticut General Life Insurance Company and CIGNA Health and Life Insurance Company (collectively, "CIGNA") filed this case against defendants La Peer Surgery Center, Inc. ("La Peer"), Babak Azizzadeh, Babak Larian, and Siamak Tabib.[1]  Plaintiff's operative second amended complaint ("SAC") asserts claims for (1) restitution and other equitable relief pursuant to § 502(a)(3) of the Employment Income Retirement Security Act ("ERISA"), 29 U.S.C. § 1001, et seq., (2) declaratory, injunctive, and other appropriate equitable relief under § 502(a)(3) of ERISA, and (3) violation of the California Unfair Competition Law, Bus. & Prof. Code § 17200.

On January 17, 2013, defendants moved to dismiss the complaint, or, in the alternative strike portions of the complaint.  Dkts. 30, 31.  On February 14, 2014,

---

[1] On June 14, 2013, the parties stipulated to the dismissal of Azziadeh and Larian. Dkt. 18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-03726-CAS(JCGx) | | Date | March 12, 2014 |
|---|---|---|---|---|
| Title | CONNECTICUT GENERAL LIFE INSURANCE COMPANY ET AL. V. LA PEER SURGERY CENTER LLC ET AL. | | | |

plaintiff filed its oppositions, and on February 24, 2014, defendants filed their replies.[2] Defendants' motions are presently before the Court.

**II. BACKGROUND**

CIGNA alleges that it is an insurance company that serves as claims administrator for certain employee health benefit plans governed by ERISA. SAC ¶¶ 1-2. Under the terms of these plans, employees seeking health services may receive treatment at either "in-network" providers or "out-of-network" providers. Id. ¶ 2. The plans, as administered by CIGNA, will reimburse the cost of services performed by these providers, subject to the requirement that employees pay some portion of the cost in the form of co-pays or deductibles. Plaintiff alleges that treatment provided by in-network is generally more cost-effective, as CIGNA has negotiated with the providers for discounted fee schedules. Id. Employees are nonetheless also permitted to seek treatment at out-of-network providers, who charge higher rates for their services. Although the plans will reimburse the cost of services performed by out-of-network providers, the terms of the plan provide that employees receiving treatment at out-of-network providers will pay a larger co-pay than they would have to pay for similar treatment provided by an in-network provider. Id. ¶ 3. These larger payments, plaintiff contends, provide an incentive for employees to moderate their use of healthcare services and to seek treatment from cheaper in-network providers. Id.

La Peer is a surgical center located in Los Angeles, California. Id. ¶ 16. Siamak Tabib is the co-founder and managing member of La Peer. Id. ¶ 17. Plaintiff alleges that La Peer is an out-of-network provider, with whom CIGNA has no contractual relationship. Id. ¶ 27. Because La Peer is an out-of-network provider, employees with CIGNA plans who wish to receive medical services from La Peer would generally be responsible under the plan for a larger deductible or co-pay than if they received those same services from an in-network provider. As discussed above, CIGNA contends that these larger out-of-

---

[2] On March 6, 2014, plaintiff filed a sur-reply to defendants' motion to dismiss. Dkt. 41. Plaintiff did not seek leave to file the sur-reply. See L.R. 7-10 ("Absent prior written order of the Court, the opposing party shall not file a response to the reply."). Accordingly, the Court declines to consider plaintiff's reply.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-03726-CAS(JCGx) | Date | March 12, 2014 |
|---|---|---|---|
| Title | CONNECTICUT GENERAL LIFE INSURANCE COMPANY ET AL. V. LA PEER SURGERY CENTER LLC ET AL. | | |

pocket payments are intended to deter employees from using La Peer's more expensive out-of-network services, as opposed to less expensive in-network services.

CIGNA, however, alleges that La Peer circumvented this deterrent by reducing or entirely waiving the employees' co-payment obligation. Id. ¶ 27. As a result, employees' out-of-pocket costs for treatment at La Peer were the same as or even less than their costs would have been if they had gone to an in-network provider for the same treatment. However, although La Peer waived the higher cost of the services to the individual employees, La Peer billed CIGNA for the full cost of the treatments. Because La Peer is an out-of-network provider, CIGNA alleges that these bills were considerably higher than CIGNA would have paid if the employees had sought treatment from in-network providers. Id. ¶ 31. CIGNA alleges that La Peer did not disclose to CIGNA its practice of waiving employees' co-payment obligations. Id. ¶ 32.

## III. LEGAL STANDARD

In order to establish standing to assert a claim, a plaintiff must do the following: (1) demonstrate an injury in fact, which is concrete, distinct and palpable, and actual or imminent; (2) establish a causal connection between the injury and the conduct complained of; and (3) show a substantial likelihood that the requested relief will remedy the alleged injury in fact. See McConnell v. Fed'l Election Comm'n, 540 U.S. 93, 225-26 (2003).

Because standing relates to a federal court's subject matter jurisdiction under Article III, it is properly raised in a motion to dismiss under Fed. R. Civ. P. 12(b)(1), not Rule 12(b)(6). White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). The Ninth Circuit has noted a distinction between facial and factual jurisdictional attacks under Rule 12(b)(1). Id. at 1242 ("Rule 12(b)(1) jurisdictional attacks can be either facial or factual."). "Where the motion presents a facial jurisdictional attack—that is, where the motion is based solely on the allegations in the complaint—the court must accept these allegations as true. Where, however, the challenge is factual—where it is based on extrinsic evidence, apart from the pleadings—the court may resolve factual disputes in order to determine whether it has jurisdiction." Nat'l Licensing Ass'n, LLC v. Inland Joseph Fruit Co., 361 F. Supp. 2d 1244, 1247 (E.D. Wash. 2004) (citing Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987)). The court, however, may not resolve these disputes "'if issues of jurisdiction

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-03726-CAS(JCGx) | Date | March 12, 2014 |
|---|---|---|---|
| Title | CONNECTICUT GENERAL LIFE INSURANCE COMPANY ET AL. V. LA PEER SURGERY CENTER LLC ET AL. | | |

and substance are intertwined,' that is, if the jurisdictional question is dependent on the resolution of factual issues going to the merits." Id. (quoting Roberts, 812 F.2d at 1177).

"It is the responsibility of the complainant clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers." Warth v. Seldin, 422 U.S. 490, 518 (1975). "For the purposes of ruling on a motion to dismiss for want of standing, both the trial and the reviewing courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." Id. at 501; Takhar v. Kessler, 76 F.3d 995, 1000 (9th Cir. 1996). "At the same time, it is within the trial court's power to allow or to require the plaintiff to supply, by amendment to the complaint or by affidavits, further particularized allegations of fact deemed supportive of plaintiff's standing. If, after this opportunity, the plaintiff's standing does not adequately appear from all materials of record, the complaint must be dismissed." Warth, 422 U.S. at 501-02.

## IV. ANALYSIS

Defendants seek to dismiss plaintiff's SAC on numerous grounds, including (1) that CIGNA lacks standing to bring this action, (2) that CIGNA failed to exhaust administrative remedies as required by ERISA, (3) that CIGNA failed to comply with Cal. Ins. Code § 10123.145, (4) that CIGNA failed to plead fraud with the requisite particularity, (5) that CIGNA failed to plead justifiable reliance, and (6) that CIGNA's state law claims are preempted by ERISA. Because defendants' arguments on standing go to this Court's subject matter jurisdiction to hear this matter, White, 227 F.3d at 1242, the Court begins with standing.

Defendants argue that CIGNA lacks standing to prosecute this action because it merely administers claims on behalf of underlying ERISA health benefit plans. As such, any alleged overpayment to La Peer would have come not from CIGNA, but instead from the ERISA plans that CIGNA administers. Defendants specifically cite allegations in the SAC emphasizing that CIGNA seeks to recover these alleged overpayments on behalf of the ERISA plans. Paragraph 7 of the SAC, for example, states in pertinent part that:

> This action has serious implications beyond the parties. The majority of the ERISA plans under which the Defendants submitted claims are administrative

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-03726-CAS(JCGx) | Date | March 12, 2014 |
|---|---|---|---|
| Title | CONNECTICUT GENERAL LIFE INSURANCE COMPANY ET AL. V. LA PEER SURGERY CENTER LLC ET AL. | | |

services only ("ASO") plans sponsored and fully funded by the Plan Members employers. Thus, certain funds CIGNA recovers on behalf of ASO plans will be returned to the employers and not maintained by CIGNA. Accordingly, CIGNA brings its claims in this case not only to recover the overpayments Defendants received, but also to restore the assets of the ASO ERISA Plans that CIGNA administers as a fiduciary through its role as a claims administrator.

Defendants contend that CIGNA thus lacks standing to bring this action: any overpayments came out of the pockets of the ERISA plans, and any recovery would flow back to those plans. Defendants cite Simon v. E. Kentucky Welfare Rights Org., 426 U.S. 26 (1976), which held that "when a plaintiff's standing is brought into issue the relevant inquiry is whether, assuming justiciability of the claim, the plaintiff has shown an injury to himself that is likely to be redressed by a favorable decision. Absent such a showing, exercise of its power by a federal court would be gratuitous and thus inconsistent with the Art. III limitation." Id. at 38; see also Joyner v. Mofford, 706 F.2d 1523, 1526 (9th Cir. 1983) ("Courts require a plaintiff to have a 'personal stake' in the outcome of a case 'to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf.' To have such a 'personal stake,' a plaintiff must allege a 'distinct and palpable injury to himself." (quoting Warth, 422 U.S. 490, 498-99, 501 (1975))).

  CIGNA responds that it has standing to assert claims on behalf of the ERISA plans because it is a fiduciary of the ERISA plans. Under § 502(a)(3) of ERISA, a civil action may be brought by a "a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132 (emphasis added). "An ERISA fiduciary includes anyone who exercises discretionary authority over the plan's management, anyone who exercises authority over the management of its assets, and anyone having discretionary authority or responsibility in the plan's administration." Credit Managers Ass'n of S. California v. Kennesaw Life & Acc. Ins. Co., 809 F.2d 617, 625 (9th Cir. 1987) (citing 29 U.S.C. § 1002(21)(A)). CIGNA points to multiple allegations in the complaint that it serves as a fiduciary of the underlying ERISA plans. See SAC ¶¶ 2, 7, 8, 9, 15, 39, 40. CIGNA reasons that this status as a fiduciary confers standing on CIGNA in this matter.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-03726-CAS(JCGx) | Date | March 12, 2014 |
|---|---|---|---|
| Title | CONNECTICUT GENERAL LIFE INSURANCE COMPANY ET AL. V. LA PEER SURGERY CENTER LLC ET AL. | | |

As a general matter, the Court agrees with CIGNA that ERISA fiduciaries having standing under both Article III and ERISA itself to assert claims on behalf of the plans they administer. See, e.g., Pilkington PLC v. Perelman, 72 F.3d 1396 (9th Cir. 1995). The Court finds, however, that plaintiff has not sufficiently alleged that it is in fact a fiduciary of the ERISA plans that allegedly made the overpayments. In particular, the SAC does not identify any of the plans at issue, and instead refers to them only as "certain employee health benefit plans ('ERISA Plans')." SAC ¶ 15. Because the SAC does not identify any specific plan, it correspondingly fails to allege any facts showing that CIGNA "exercises discretionary authority over the plan's management, anyone who exercises authority over the management of its assets, and anyone having discretionary authority or responsibility in the plan's administration." Credit Managers Ass'n of S. California, 809 F.2d at 625. In the absence of allegations specifically identifying the plans at issue, and reciting facts that would make CIGNA a fiduciary of each of those plans, the Court finds that the SAC does not sufficiently allege that CIGNA has standing to bring these claims. See also Pilkington PLC, 72 F.3d at 1399 (9th Cir. 1995) ("[I]n order to have standing to sue under ERISA as a 'fiduciary,' . . . a party must be (or have been) not merely a fiduciary of any ERISA plan, but rather, a fiduciary of the particular ERISA plan victimized by the alleged breach . . . ." (quoting Modern Woodcrafts, Inc. v. Hawley, 534 F. Supp. 1000, 1014 (D. Conn. 1982))).

CIGNA resists this conclusion, arguing that for the purposes of a motion to dismiss, the Court must accept as true CIGNA's allegations that it is a fiduciary. The Court finds this contention unpersuasive. CIGNA is of course correct that courts reviewing a motion to dismiss for lack of subject matter jurisdiction must take as true all facts alleged in the complaint. See Warth, 422 U.S. at 518. But CIGNA's status as a fiduciary is not a question of fact, but instead a question of law. Harris v. Amgen, Inc., 738 F.3d 1026, 1045 (9th Cir. 2013). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). As such, the Court need not accept as true CIGNA's bare assertion that it is a fiduciary. Instead, CIGNA must allege facts which—taken as true—show that CIGNA is in fact a fiduciary. And because CIGNA has not identified the plans at issue, the SAC fails to sufficiently allege facts showing that CIGNA is a fiduciary of any particular plan. As such, because "[i]t is the responsibility of [CIGNA] clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-03726-CAS(JCGx) | Date | March 12, 2014 |
|---|---|---|---|
| Title | CONNECTICUT GENERAL LIFE INSURANCE COMPANY ET AL. V. LA PEER SURGERY CENTER LLC ET AL. | | |

and the exercise of the court's remedial powers," Warth v. Seldin, 422 U.S. at 518, the Court concludes that the SAC must be dismissed.[3]

Two additional practical considerations support this conclusion. First, to the extent that the underlying ERISA plans are, in effect, the real parties in interest in this case, they must be disclosed pursuant to Local Rule 7.1-1:

> To enable the Court to evaluate possible disqualification or recusal, counsel for all non-governmental parties shall file with their first appearance a Notice of Interested Parties, which shall list all persons, associations of persons, firms, partnerships, and corporations (including parent corporations, clearly identified as such) that may have a pecuniary interest in the outcome of the case . . . ."

Plaintiff's Certificate of Interested Parties does not presently disclose the identify of the ERISA plans that stand to recover in this action. See dkt. 3.

Second, because the SAC does not disclose the identity of the ERISA plans, those plans are effectively proceeding as anonymous plaintiffs. Allowing plaintiffs to proceed anonymously, however, is disfavored because it "runs afoul of the public's common law right of access to judicial proceedings." Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1067 (9th Cir. 2000); see also Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate, 596 F.3d 1036, 1042 (9th Cir. 2010) (explaining that "to determine whether to allow a party to proceed anonymously when the opposing party has objected, a district court must balance five factors: (1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, (3) the anonymous party's vulnerability to

---

[3] Although somewhat unclear, it appears that the SAC also alleges that CIGNA is the insurer of some, but not all of the ERISA plans. See SAC ¶ 2. As an insurer, CIGNA may have a direct financial interest in recouping the alleged overpayments if those overpayments came out of CIGNA's pocket. However, because CIGNA does not identify any specific ERISA plans, let alone distinguish which plans were insured by CIGNA, the Court is unable to determine whether CIGNA's status as an insurer provides an alternative basis for standing in this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-03726-CAS(JCGx) | Date | March 12, 2014 |
|---|---|---|---|
| Title | CONNECTICUT GENERAL LIFE INSURANCE COMPANY ET AL. V. LA PEER SURGERY CENTER LLC ET AL. | | |

such retaliation, (4) the prejudice to the opposing party, and (5) the public interest" (quotations omitted)). Although CIGNA's prosecution of this action on behalf of undisclosed ERISA plans is not precisely analagous to those plans proceeding as anonymous plaintiffs, it nonetheless implicates many of the same concerns about undermining the "public's common law right of access to judicial proceedings." As such, the Court finds that CIGNA must identify the ERISA plans on behalf of which it is pursuing this action.

## V. CONCLUSION

Because the Court finds that it lacks subject matter over this action, the Court declines to address the rest of defendants' arguments, as well as defendants' motion to strike. Accordingly, defendants' motion to dismiss is hereby GRANTED, and defendants' motion to strike is hereby DENIED as moot. Plaintiff shall have until **March 31, 2014**, to file an amended pleading correcting the deficiencies identified herein.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |